**Philip P. KALODNER, Plaintiff–Appellant,**

v.

**Samuel W. BODMAN, Secretary of Energy and George B. Breznay, Director, Office of Hearings and Appeals, Defendants–Appellees.**

No. 2005–1310.

United States Court of Appeals, Federal Circuit.

Oct. 4, 2006.

Philip P. Kalodner, pro se.

Before LOURIE, Circuit Judge, CLEVENGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

*ORDER*

BRYSON, Circuit Judge.

Philip P. Kalodner responds to the court's September 13, 2006 order directing him to respond concerning whether we should dismiss his appeal for lack of jurisdiction. The Secretary of Energy et al. respond in support of dismissal.*

Kalodner filed suit in the United States District Court for the District of Columbia seeking payment of attorney fees from a common fund based on his efforts as counsel in previous litigation. *Kalodner v. Abraham,* No. 05–0024, 2005 WL 354483 (Jan. 26, 2005). The district court noted that Kalodner based his request on the

* Counsel for the Secretary should promptly enter an appearance.

Equal Access to Justice Act (EAJA). The district court dismissed the case for lack of jurisdiction because Kalodner sought recovery in his own name and EAJA authorizes fee awards to prevailing parties, not counsel. Kalodner filed notices of appeal directed both to this court and to the United States Court of Appeals for the District of Columbia Circuit. On Kalodner's motion we stayed this appeal pending the District of Columbia Circuit's disposition of its appeal. The District of Columbia Circuit affirmed in part, reversed in part, and remanded.

This court's jurisdiction in cases involving the Economic Stabilization Act (ESA) and Emergency Petroleum Allocation Act (EPAA) is limited. We have jurisdiction in ESA/EPAA cases only in the following circumstances: "(1) resolution of the litigation must have required application or interpretation of the EPAA/ESA or its regulations, and (2) the EPAA/ESA issue must have been adjudicated in the district court." *Texas American Oil Corp. v. United States Department of Energy*, 44 F.3d 1557, 1563 (Fed.Cir.1995) (en banc); *see also Consolidated Edison Co. of New York, Inc. v. Abraham*, 303 F.3d 1310, 1313 (Fed.Cir.2002) (dismissing appeal for lack of jurisdiction because case did not involve ESA/EPAA issue and district court had not adjudicated ESA/EPAA issue). Because it did not appear that the district court had adjudicated an ESA or EPAA issue, we directed Kalodner to respond concerning jurisdiction.

■ Kalodner argues that this court has jurisdiction because "[a]s the D.C. Circuit has correctly implicitly found, the District Court implicitly and necessarily considered and ruled upon" an issue involving waiver of sovereign immunity pursuant to ESA. Kalodner contends that the District of Columbia Circuit made an implicit determination that the district court adjudicated an ESA issue and that determination is bind-ing on this court pursuant to the law of the case principles set forth in *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 819, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). However, Kalodner does not contend that the District of Columbia Circuit actually decided that the district court had adjudicated an ESA issue. Law of the case is not established with respect to issues not actually decided by a court. *See Exxon Corp. v. United States*, 931 F.2d 874, 877 (Fed.Cir.1991).

■ Because the district court did not adjudicate any ESA or EPAA issues, we lack jurisdiction and dismiss. *See Texas American Oil Corp.*, 44 F.3d at 1563.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) Each side shall bear its own costs.